PORTER AND OTHERS, COMMITTEES OF FIVE ECCLESIASTICAL
    SOCIETIES IN WATERBURY AND WATERTOWN, V. BLAKELY.

Selectmen and committees cannot maintain actions in their own
    names, for lands granted or sequestered to their respective
    towns or societies, for the use of schooling.

ACTION of trespass against the defendant for cutting timber
on land given to said societies for the use of schooling of
which the plaintiffs alleged they were seized and possessed,
as tenants in common. Plea not guilty. Issue to the jury;
who found the defendant guilty.

The defendant moved in arrest of judgment — That by the
plaintiffs' own showing it was not their land, but the land of
the ecclesiastical societies which was trespassed upon.

The plaintiffs contended — That by the statute entitled an
act for appointing and encouraging of schools, they were au-
thorized and empowered to maintain the action in their own
names and right.

The statute alluded to, is as follows, viz.— " That the
selectmen of towns in which there is but one ecclesiastical
society, and the society's committee where there are more
than one society, for the time being, are empowered and di-
rected to take care of all bonds, moneys, and lands, and all
other estates that do belong to the schools in said towns and
societies; and shall use and improve and dispose of the interest,
profit and rents, arising on said moneys, lands, or other in-
terest according to the true intent and meaning of the grant,
gift or sequestration of them for the purpose aforesaid; and
said selectmen, committee or committees, are authorized and
empowered, to lease the lands and loan the moneys, belonging
to said schools, and to commence and prosecute such suit or
suits, as may be necessary for the recovery and obtaining of
such lands, moneys, and other estate, etc."

The question was — Whether, where a town or society is
disseized of lands, given or granted to them, for the use of
schools, the action to recover the lands must be brought in
the name of the town or society, or whether the statute enables
the selectmen, or committees, to sue in their own names, and
declare upon a seisin in themselves.

By the COURT. The committees have right by the statute to sue and prosecute, but it must be in the name of the town or society, to which the estate belongs, and so in an action of trespass the property must be alleged to be in the town or society. For this cause judgment was arrested, but no cost allowed.

This point was adjudged at the adjourned Superior Court in New Haven, December Term, A. D. 1772, in an action brought in the name of the school committees of the several ecclesiastical societies in the town of Waterbury, demanding surrender of seisin and possession of a piece of land, of which said town was seized in fee for the use of the schools, in said several societies.

Two exceptions were taken to this declaration under a general demurrer. 1st. That the legal estate was in said town, and the action ought to have been brought in the name of the town, and not in the names of the committees of said societies, to whom the use only belonged. 2d. That the committees of the several societies could not join in an action even for the use.

Judgment — That the declaration was insufficient, upon both exceptions.